# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

BMO HARRIS BANK, N.A. AS SUCCESSOR TO HARRIS NATIONAL ASSOCIATION, AS ASSIGNEE OF THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMCORE BANK, N.A.,

    Plaintiff,

vs.

CARMINE ALAMPI,

    Defendant.

Case No.    14-cv-05609

Judge Gary Feinerman

## MOTION FOR ENTRY OF *EX PARTE* JUDGMENT BY CONFESSION

Now comes Plaintiff, BMO HARRIS BANK, N.A., as Successor to HARRIS NATIONAL ASSOCIATION, as Assignee of the Federal Deposit Insurance Corporation, as Receiver for Amcore Bank, N.A. (the "Bank"), by and through its attorneys, Joel A. Stein and Margery Newman of the firm of Deutsch, Levy & Engel, Chartered, and for its Motion for Entry of *Ex Parte* Judgment by Confession against Defendant, Carmine Alampi ("Alampi") states as follows:

1.     The above-captioned cause was filed on July 22, 2014, and is presently pending before this Court (the "Complaint").

2.     Plaintiff asserts in its Complaint a claim for Confession of Judgment against Alampi based upon a guaranty of several loans.

3.     The Bank, at the request of Alampi, on or about the following dates, agreed to loan to Matrix National Investment, Corp. ("Matrix") the following sums of money for the development of property in Galena, Illinois known as Cobblestone Crossing (the "Property"):

| Date | Promissory Notes | Amount |
|---|---|---|
| May 21, 2004 | Loan 1 | $800,000.00 |

430242-1

| Date | Promissory Notes | Amount |
|---|---|---|
| August 2, 2004 | Loan 2 | $1,200,000.00 |
| September 19, 2005 | Loan 3 | $300,000.00 |
| May 5, 2006 | Loan 4 | $303,000.00 |
| September 12, 2006 | Loan 5 | $303,000.00 |
| January 16, 2007 | Loan 6 | $151,500.00 |

*See* **Group Exhibit "A"**, Exhibits "A-3", "B-3", "C-3", "D-3", "E-3" and "F-3" (the "Notes") attached to the Complaint.

4. The Notes provided that Matrix would repay the principal sum borrowed at maturity and would pay interest quarterly on the principal balances outstanding from time to time.

5. In order to induce the Bank to loan monies to Matrix and as a condition to make the loans to Matrix, on or about May 21, 2004, Defendant Alampi executed and delivered to the Bank, his absolute and unconditional guaranty of the Notes. Thereafter, in order to continue to loan the monies to Matrix and as a condition to the Bank continuing to make the loans to Matrix, on or about December 16, 2006, Defendant Alampi executed and delivered to the Bank his second absolute and unconditional guaranty of the Notes ("Guaranty"). A copy of the Commercial Guaranty dated December 13, 2006, is attached to the Complaint as **Exhibit "B"**.

6. This Court has jurisdiction over Defendant Alampi pursuant to the clear, explicit, and unequivocal language of the Warrant of Power of Attorney to Confess Judgment that is part of the Guaranty. That language is as follows:

**Confession of Judgment**

Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise

shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full. Guarantor hereby waives and releases any and all claims or causes of action which Guarantor might have against any attorney acting under the terms of authority which Guarantor has granted herein arising out of or connected with the confession of judgment hereunder.

See **Ex. B, p. 2-3**.

7. The Guaranty further provides:

**Attorney's Fees; Expenses**

Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Guarantor also shall pay all court costs and such additional fees as may be directed by the court.

See **Ex. B, p. 3**.

8. 735 ILCS 5/2-1301 (c) provides, in pertinent part:

(c)…any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process.

735 ILCS 5/2-1301 (c) (West 2009).

9. Plaintiff submits herewith as **Exhibit "1"** the Affidavit of Brian Conti, a commercial asset manager for Bayview Loan Servicing LLC, which was hired by the Bank to act on its behalf. The Affidavit verifies the Notes and the Guaranty and sets forth the amounts due under the Notes and the Guaranty.

10. Plaintiff also submits herewith as **Exhibit "2"** a Confession executed by Margery Newman, a licensed Illinois attorney, on behalf of Alampi confession Judgment against Defendant pursuant to the express provision of the Notes and the Guaranties authorizing same.

3

430242-1

11. Notice of this Motion has been provided to Defendant Alampi although no such notice is required under applicable Illinois law. *See* 735 ILCS 5/2-1301 (c) (providing that a person "may confess judgment ... without process"), and the terms of the Alampi Guaranty.

WHEREFORE, Plaintiff BMO HARRIS BANK, N.A., as Successor to HARRIS NATIONAL ASSOCIATION, as Assignee of the Federal Deposit Insurance Corporation, as Receiver for Amcore Bank, N.A., respectfully requests that this Honorable Court, pursuant to the express confession of judgment provisions of the Notes and Guaranty, along with the Confession submitted herewith enter judgment by confession in favor of Plaintiff and against the Defendant, Carmine Alampi on the Complaint as follows:

a) Deficiency in the amount of $367,558.64;

b) Attorneys' fees in the amount of $24,673.88 (post sale);

c) Attorneys' fees in the amount of $3,500.00 (confession of judgment);

d) Expenses in the amount of $3,490.19; and

e) Cost of suit in the amount of $400.00.

> Respectfully submitted,
>
> BMO HARRIS BANK, N.A., as Successor to
> HARRIS NATIONAL ASSOCIATION, as
> Assignee of the Federal Deposit Insurance
> Corporation, as Receiver for Amcore Bank, N.A.,
> Plaintiff
>
> By: ___/s/ Margery Newman___
> One of Its Attorneys

Joel A. Stein (stein@dlec.com) (ARDC No. 3122304)
Margery Newman (newman@dlec.com) (ARDC No. 6184892)
Deutsch, Levy & Engel, Chartered
225 West Washington Street, Suite 1700
Chicago, Illinois 60606
Tel: (312) 346-1460
Fax: (312) 346-1859

430242-1